# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| HAZEL ANNETTE SMITH, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-13-144-R |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner denying her application for supplemental security income benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On December 18,. 2013, Judge Purcell issued a Report and Recommendation wherein he recommended that the Court affirm the Commissioner's decision. Plaintiff has filed a timely objection to the Report and Recommendation, giving rise to the Court's obligation to conduct a *de novo* review of Plaintiff's specific objections to the Report and Recommendation.

Plaintiff raises a single issue in this case, whether the administrative law judge erred in failing to consider certain third-party opinions. Plaintiff argues that the administrative law judge erred because he failed to indicate the weight allocated to the non-medical testimony offered by Plaintiff's son and her friend. Citing to cases not included in the briefs filed before

the Magistrate Judge, Plaintiff contends that this case is governed by *Blea v Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006). In *Blea*, the court considered the Commissioner's duty to evaluate third-party opinion evidence, concluding that "the [administrative law judge] is not required to make specific written findings of credibility only if 'the written decision reflects that the [administrative law judge] considered the testimony.'" 466 F.3d at 915 (quoting *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996).

Contrary to Plaintiff's contention that *Blea* controls and mandates remand, the court concludes that remand is not required in this case. First, although the administrative law judge did not indicated that he specifically considered the opinion of either Plaintiff's son or her friend, his decision states that he considered all of the record evidence. Tr. 19, 23. Furthermore, the testimony offered by Plaintiff's son and the evidence submitted by her friend was largely cumulative of Plaintiff's own testimony.

> While the ALJ did not explicitly discuss the testimony of [claimant's wife], we do not believe this omission is grounds for remand given the nature of [claimant's wife's] testimony, which was largely cumulative of her husband's testimony. Further, where, as here, the ALJ's decision states and demonstrates that he considered all of the evidence, "our general practice, which we see no reason to depart from here, is to take [the] lower tribunal at its word." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005); *see also Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir.1996) (stating that an ALJ is not required to discuss every piece of evidence so long as the record demonstrates that he considered all of the evidence).

*Davis v. Astrue*, 237 Fed.Appx. 339, 342 (10th Cir. June 12, 2007). The Court finds *Davis* wholly persuasive under the circumstances herein, and therefore rejects Plaintiff's objection to the Report and Recommendation.

2

Having conducted its *de novo* review of the Report and Recommendation, the Court finds no basis for remanding this matter to the Commissioner. To the extent the Report and Recommendation is consistent with the above, it is adopted. Judgment shall be entered for the Commissioner.

IT IS SO ORDERED this 7th day of January, 2014.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE